# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLEA FRAZER,<br><br>  Plaintiff,<br><br>  v.<br><br>LOWE'S HOMES CENTERS, LLC,<br><br>  Defendant. | Case No. 1:22-cv-00410-JLT-SAB<br><br>ORDER REQUIRING PARTIES TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO FILE DISPOSITIONAL DOCUMENTS BY COURT ORDERED DEADLINE<br><br>(ECF Nos. 20, 21, 22, 23)<br><br>**DEADLINE: AUGUST 4, 2023** |

On May 3, 2023, the parties filed a notice of settlement of this action. (ECF No. 20.) "Upon such notification of . . . resolution of an action . . . the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause." L.R. 160(b). The parties initially requested a deadline of June 15, 2023, to file dispositional documents, indicating Plaintiff is a Medicare beneficiary and that the parties anticipated there is a statutory lien which may take some time to receive. The Court found good cause to set the deadline on June 15, 2023, as requested. (ECF No. 21.) On June 12, 2023, the parties filed a status report indicating that Plaintiff's counsel is awaiting the statutory lien from Kaiser Permanente, or written confirmation that there is no lien asserted, and that Defendant cannot issue settlement checks until final confirmation is received regarding the final amount of its lien. (ECF No. 22 at 1-2.) The parties

1  requested an extension of at least 30 days to file dispositional documents.  Given the parties
2  initially alerted the Court of this potential delay, and filed the request well before the deadline, the
3  Court found good cause to extend the deadline for a period of 45 days.  (ECF No. 23.)  The
4  Court's order issued June 12, 2023, expressly set the deadline to file dispositional documents for
5  July 31, 2023.  (Id.)

6  The deadline to file dispositional documents has now expired and the parties have not
7  done so, nor requested an extension of time from the Court.  Local Rule 110 provides that
8  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
9  be grounds for imposition by the Court of any and all sanctions … within the inherent power of
10 the Court."  The Court has the inherent power to control its docket and may, in the exercise of
11 that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v.
12 Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).  The Court shall require the parties to
13 show cause why sanctions should not issue for the failure to file dispositional documents in
14 compliance with the Court's order issued June 12, 2023.

15  Accordingly, IT IS HEREBY ORDERED that:

16  1. The parties shall show cause in writing **no later than August 4, 2023**, why
17  **monetary sanctions** should not issue for the failure to file dispositional
18  documents as required by the June 12, 2023, order; and

19  2. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **August 1, 2023**

UNITED STATES MAGISTRATE JUDGE